Filed 12/5/25 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re ROBIN MATTISON<br><br>on Habeas Corpus. | E085614<br><br>(Super.Ct.No. INF047989)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

The opinion filed in this matter on November 7, 2025, is modified as follows:

In the last sentence of the first full paragraph on page 5, the word "eliminates" is replaced with "imposed."

Except for this modification, the opinion remains unchanged. This modification does not effect a change in judgment.

CERTIFIED FOR PUBLICATION

                                                                            RAPHAEL
                                                                                              J.

We concur:

CODRINGTON
          Acting P. J.

MENETREZ
                    J.

1

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re ROBIN MATTISON<br><br>on Habeas Corpus. | E085614<br><br>(Super.Ct.No. INF047989)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus. John J. Ryan, Judge. (Retired judge of the Orange Superior Court, assigned by the Chief Justice pursuant to art. VI, section 6 of the California Constituton.) Petition denied.

Robin Mattison, in pro. per.; and Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant Robin Mattison.

Rob Bonta, Attorney General, Susan Elizabeth Miller and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent the People.

A new statute requires that a criminal defendant's restitution fine becomes uncollectible 10 years after imposition and the portion of the judgment imposing it is vacated. Here, we consider and reject petitioner Robin Mattison's argument that this statute provides him with a full resentencing because his sentence is altered, and we also

conclude that a postjudgment motion is the proper vehicle for him to seek to amend his abstract of judgment.[1]

## I. BACKGROUND

In 2008, a jury convicted Mattison of two counts of attempted first degree murder, three counts of attempted murder of police officers, infliction of corporal injury on a cohabitant, and attempted arson. (*People v. Mattison* (Dec. 1, 2009, E046047) [nonpub. opn.] (*Mattison*).) The court imposed a lengthy custodial sentence driven by the sentences on the attempted murder counts: two consecutive life terms, a concurrent life term, and two concurrent terms of 15 years to life. Mattison also received four years on the corporal injury count and a stayed two-year term for attempted arson.

Directly relevant to this appeal, the trial court imposed an $8,000 restitution fine pursuant to section 1202.4. It ordered Mattison to pay $1,700 in direct victim restitution to one of the attempted murder victims and a $120 court security fee.

The Legislature recently amended state law to affect the section 1202.4 restitution fine. Now, a section 1202.4 fine is "unenforceable" after 10 years and any portion of a judgment imposing that fine is "vacated" at that time. (§ 1465.9, subd. (d).) Section 1465.9, subdivision (d) (§ 1465.9(d)) provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of

---

[1] Undesignated statutory citations are to the Penal Code.

2

a judgment imposing those fines shall be vacated." The amended law was effective January 1, 2025, as non-urgency legislation that the Governor signed into law on September 28, 2024, during the regular legislative session. (See Assembly Bill No. 1186 (2023-2024 Reg. Sess.); Cal. Const. art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

## II. DISCUSSION

Convicted criminals may be required to pay one or more of three types of restitution: a "'restitution fine'"; restitution directly to the victim; or restitution as a condition of probation. (*People v. Giordano* (2007) 42 Cal.4th 644, 651-652.) This case concerns the restitution fine, imposed on nearly every convicted defendant and paid into a statewide pool used to compensate victims. (§ 1202.4, subds. (a)(3), (b), (c), (e).)

It has been more than 10 years since the trial court, imposing Mattison's 2008 judgment, required him to pay an $8,000 restitution fine. It is therefore undisputed that, under section 1465.9(d), any uncollected balance of that fine is "unenforceable and uncollectible" and that portion of the judgment "shall be vacated." (§ 1465.9(d).) The dispute here is what process that requires.

In considering the issues that follow, it is important to recognize that "[i]n a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) In contrast, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*).)

3

*A. No Full Resentencing Is Warranted*

Mattison contends that vacating the restitution fine portion of his judgment requires a full resentencing.

The "full resentencing rule" is often stated in terms of appellate procedure. That is, "when part of a sentence is stricken on review," on remand "'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) The reason for the full resentencing rule is that "'"an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme."'" (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 601 (*Terwilligar*).)

The same rule applies to "statutes addressing recalled sentences." (*Buycks*, *supra*, 5 Cal.5th at p. 893.) When a sentence is recalled after judgment, "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Ibid*.; see also *People v. Padilla* (2022) 13 Cal.5th 152, 163 [entitlement to resentencing means "vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].)

Still, not every correction to a sentence means a recall of the sentence. When a trial court corrects an abstract of judgment to conform to the judgment, the sentence is not recalled and no resentencing occurs. For instance, when an abstract of judgment does not accurately reflect the fines imposed, the trial court simply corrects the abstract to

4

conform to the judgment. (*Mitchell*, *supra*, 26 Cal.4th at p. 188; see also *People v. Anderson* (2018) 5 Cal.5th 372, 426-427 [ordering erroneously applied prior prison term struck without a resentencing]; *People v. Codinha* (2023) 92 Cal.App.5th 976, 985-986 [correction of clerical error does not permit resentencing].)

Here, we conclude that section 1465.9(d) does not trigger the full resentencing rule in declaring the restitution fine portion of the judgment vacated. It vacates that portion of the judgment as if the trial court had orally pronounced as much. For any court proceeding today, it simply requires correction of the abstract of judgment to conform it to the judgment, to show that the portion of the judgment that eliminates the now-unenforceable restitution fine is vacated.

Our conclusion is supported by the statute's text. The statute indicates that the Legislature did not intend for the sentence to be recalled or for a resentencing to occur because it refers to neither of those things. Section 1465.9(d) simply declares the fine unenforceable after 10 years and the portion of the judgment imposing it vacated. (Compare, e.g., § 1172.1 [statute with recall and resentencing procedures].) Not only does it not refer to recall or resentencing, but the statute conspicuously does not order the entire sentence vacated, only the "portion" of the judgment that imposes the fine.

The substance of section 1465.9(d) reinforces our conclusion that the full resentencing rule does not apply. The statute alters a fine but does not address a defendant's custody time. It thereby involves a portion of the sentence that is normally not interdependent with the imprisonment components. The reason for the full

5

resentencing rule is that in an "'"aggregate *prison* term"'"" the components are often interdependent.  (*Terwilligar*, *supra*, 109 Cal.App.5th at p. 601, italics added.)  Where a fine, rather than a prison term, is eliminated, that reason dissipates.

Moreover, there was no judicial error in the judgment here, nor does the restitution fine statute implicate any discretionary decision that suggests a court might wish to revisit the sentence.  The imposition of the restitution fine is mandatory (absent "compelling and extraordinary reasons" (§ 1202.4, subd. (c))), and its elimination at 10 years also so.  The portion of the judgment imposing Mattison's fine was vacated by statute on January 1, 2025.  It cannot be collected upon.  All that is left, at most, is to correct the abstract of judgment to reflect that vacatur.

*People v. Clark* (2021) 67 Cal.App.5th 248 accords with our conclusion.  There, the Court of Appeal concluded that section 1465.9, subdivision (a), which vacated the portion of the judgment imposing probation supervision fees, required vacating a portion of the judgment, but the court did not recall the sentence nor order a resentencing.  (*People v. Clark*, *supra*, at pp. 259-260.)  As in *People v. Clark*, no full resentencing is warranted here.

B.  *A Motion Can Conform the Abstract of Judgment*

Mattison contends that his habeas petition is the proper vehicle for him to seek to "vacate his restitution fine" under section 1465.9(d).  We disagree.  The fine has been vacated.  We conclude that a defendant may file a motion seeking to have the trial court modify the abstract of judgment to reflect that.

6

On January 1, 2025, when the statute became effective, Mattison's restitution fine was rendered uncollectible and unenforceable. At that time, the portion of his judgment imposing that fine was vacated. The judgment is the sentence ordered orally by the court; the abstract of judgment is not the judgment. (*People v. Karaman*, *supra*, 4 Cal.4th at p. 344, fn. 9; *Mitchell*, *supra*, 26 Cal.4th at p. 185.) Once the new law was effective, Mattison's restitution fine was vacated as surely as if the trial court judge had ordered it. While other changes in sentencing law might require a judicial determination before a judgment is changed (see, e.g., § 1172.75, subd. (c)), this one does not.

The only question for Mattison, or any defendant, is whether to ask a trial court to correct the *abstract* of judgment to reflect the judgment. Large numbers of defendants were affected by the enactment of section 1465.9(d). Nearly every convicted defendant in the state is subject to a restitution fine, and any defendant with an unpaid balance after 10 years from imposition had that balance rendered uncollectable by section 1465.9(d), even defendants no longer in custody. (See §§ 2085.6, subd. (a) [continuing obligation to pay restitution fine on supervision], 2085.7, subd. (a) [continuing obligation to pay restitution fine after release], 1214, subd. (b) [restitution fines collectable as civil judgments].)

It may be enough for many defendants to leave the matter alone. For those that have paid the fine, it may not matter whether the abstract of judgment reflects it as a component of the sentence. Even among defendants who had a balance owed, it may be enough for the California Department of Corrections and Rehabilitation (CDCR) to

7

ensure through its records that the restitution fine is recorded as no longer owed. The People have submitted Mattison's July 2025 CDCR "Offender Restitution Payment History" that they claim shows Mattison with a zero restitution balance, though we are unconvinced it shows that.[2] More helpful to the general point, the People have submitted a December 2024 CDCR policy document stating that its Trust Restitution Accounting and Canteen System was being updated to ensure that collections on fines "automatically cease" when required by section 1465.9(d). (See Evid. Code, § 452, subd. (c); *People v. Gram* (2012) 202 Cal.App.4th 1125, 1135.) It is reasonable to expect that CDCR's system functions to ensure that defendants ordinarily need take no action to ensure that their restitution fine is treated as uncollectable at the proper time.[3] Relatedly, we know that defendants who pay off restitution orders generally need not go to court to obtain proof of payment. The fact that an abstract of judgment shows a fine or restitution amount initially *ordered* does not determine whether the amount was *paid*.

Nevertheless, we agree with the People that section 1465.9(d) implicitly allows a defendant to file a postjudgment motion in trial court to correct the abstract of judgment

---

[2] The People offer an exhibit that shows Mattison with a zero balance, but it shows an original balance of $1,700. This appears to reflect payment of the amount ordered for Mattison's direct restitution to the victim, not his $8,000 restitution fine. To show that CDCR implements section 1465.9(d), we would want to see an indication that a restitution fine had been reduced to a zero balance on January 1, 2025, or on the 10th anniversary of its imposition.

[3] We do not have information before us about whether the Franchise Tax Board's process of collecting restitution fines from released defendants automatically reflects the effect of section 1465.9(d). (See Rev. & Tax. Code, §§ 19280-19282.)

to conform to the judgment.  (*People v. Clark*, *supra*, 67 Cal.App.5th at p. 261.)  If the statute merely declared a defendant's restitution fine uncollectable and unenforceable at the 10-year point, we might conclude that was only a matter of recordkeeping.  But the statute creates an additional right by declaring that the "portion of a judgment" imposing that fine is vacated.  (§ 1465.9(d).)  Courts generally have the power to correct the abstract of judgment to conform to the judgment.  (*Mitchell*, *supra*, 26 Cal.4th at p. 188; see also *People v. Boyd* (2024) 103 Cal.App.5th 56, 69-70 [discussing, along with correction of clerical errors, Code Civ. Proc. § 187 as a jurisdictional basis].)  Because the judgment has changed, such a motion appears appropriate so that the abstract of judgment reflects that a portion of the judgment has been vacated.

Before us, though, is a petition for a writ of habeas corpus that was filed after a similar petition in trial court.  A habeas petition is unavailable when a defendant has an adequate legal remedy.  (*In re Cook* (2019) 7 Cal.5th 439, 452.)  A motion to correct the abstract of judgment is such a remedy.  Mattison asks us to treat this habeas petition as a freestanding motion.  We have, though, no appeal from a trial court ruling from which to take appellate jurisdiction; we have only a habeas petition filed in our original jurisdiction.  If we construed the habeas petition as a motion, we would lack jurisdiction to decide the motion.  Mattison is free to file such a motion in trial court.

### III.  DISPOSITION

The petition for a writ of habeas corpus is denied.

CERTIFIED FOR PUBLICATION

                                                                RAPHAEL
                                                                          J.

We concur:

CODRINGTON
            Acting P. J.

MENETREZ
                  J.